IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES RICHARD BRADLEY                                              PLAINTIFF

vs.                              Civil No. 4:10-cv-04009

MICHAEL J. ASTRUE                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Charles Richard Bradley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF. No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on September 13, 2007. (Tr. 92-100). Plaintiff alleged he was disabled due to degenerative disc in his neck and bone spurs in his back. (Tr. 118). Plaintiff alleged an onset date of December 31, 2006. (Tr. 118). These applications were

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

1

initially denied on October 24, 2007 and were denied again on reconsideration on December 31, 2007. (Tr. 56, 64).

On January 8, 2008, Plaintiff requested an administrative hearing on his applications. (Tr. 70). This hearing was held on April 28, 2009 in Little Rock, Arkansas. (Tr. 20-48). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff, his friend Sidney Walls, his mother Carol Bradley, and Vocational Expert ("VE") William Elmore testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had graduated high school and had some vocational training in electricity. (Tr. 23).

On October 23, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 8-19). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 31, 2006. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the severe impairments of degenerative disc disease the cervical and lumbar spine, osteoarthritis, gastro reflux disease, hypertension and chronic pain. (Tr. 18, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 10-17). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. (Tr. 10). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the

2

RFC to perform the full range of sedentary work activities. (Tr. 19, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 19, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 24-29, 45). Based upon this testimony, the ALJ determined, considering his RFC, Plaintiff would be able to perform his PRW as a bail bondsman. (Tr. 19, Finding 6). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from September 13, 2007, through the date of the ALJ's decision of October 23, 2009. (Tr. 19, Finding 8).

On October 27, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 49). *See* 20 C.F.R. § 404.968. On January 7, 2010, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-4). On January 21, 2010, Plaintiff filed the present appeal. ECF. No. 1. The parties consented to the jurisdiction of this Court on January 28, 2010. ECF. No. 3. Both parties have filed appeal briefs. ECF. Nos. 6,7. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

3

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming: (1) the ALJ erred in his evaluation of Plaintiff's subjective complaints of pain and erred in his evaluation of Plaintiff's credibility, and (2) the ALJ erred in his RFC determination. In response, Defendant argues: (1) the ALJ properly considered Plaintiff's subjective complaints of pain, and (2) the ALJ properly determined Plaintiff's RFC.

### A. Credibility Determination

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors of *Polaski*, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 10-11). Specifically, the ALJ noted the following: (1) the medical record showed significant gaps in Plaintiff's medical treatment, (2) Plaintiff's restricted pattern of daily living was inconsistent with the medical findings, (3) Plaintiff's alleged level of pain not supported by the medical records, (4) any side effects from

6

medication use were mild, and (5) Plaintiff's symptomatology is fairly well controlled with Plaintiff's medicine regime. (Tr. 10-11).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### **B. RFC Determination**

Plaintiff claims the medical evidence does not support the ALJ's RFC finding that Plaintiff could perform work at the sedentary level. Defendant claims substantial evidence supports the ALJ's RFC determination of decision of Plaintiff.

This Court finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his RFC determination. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the

7

workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to perform work at the sedentary level which included the ability to lift no more than ten pounds. (Tr. 19, Finding 5). Considering this RFC, the ALJ found Plaintiff would be able to perform his PRW as a bail bondsman. (Tr. 19, Finding 6).

Plaintiff alleged a disability due to degenerative disc in his neck and bone spurs in his back. (Tr. 118). The ALJ indicated Plaintiff had a history of sporadic, conservative medical treatment from his alleged onset date through the date of his decision on October 23, 2009. (Tr. 10). The medical record supports the ALJ's RFC determination.

Plaintiff was seen at the Shreveport Veterans Administration Medical Center ("SVAMC") on December 7, 2006 with complaints of neck and low back pain. (Tr. 167). Plaintiff had an MRI had shown no pathology. (Tr. 167). Plaintiff had an examination on that by Dr. Rakiya Akwa which showed no abnormalities. (Tr. 167). Additionally, Plaintiff had no neurological deficits; no evidence of any joint swelling, inflammation, or deformity; and no edema or extremity weakness. (Tr. 168).

Plaintiff did not return to SVAMC until seven months later, on July 24, 2007, complaining of increased neck and lower back pain. Plaintiff was seen by Dr. Jacqueline S. O'Donald. (Tr. 162-164). Plaintiff indicated the pain was usually relieved by beer. (Tr. 163). Dr. O'Donald indicated Plaintiff 's straight leg raise was positive on the right, but it was negative on the left. (Tr. 163). However, Dr. O'Donald found no neurological deficit. (Tr. 164). Dr. O'Donald indicated x-rays of Plaintiff's lumbar spine showed minimal degenerative joint disease and were essentially normal,

and x-rays of the cervical spine showed degenerative disk space narrowing and anterior hypertrophic spurring. (Tr. 163). Dr. O'Donald's assessment was cervical disc disease and lumbar bone spurring. (Tr. 164).

On October 15, 2007, Plaintiff returned to SVAMC indicating he had no new problems, and his pain level was better on medication. (Tr. 211-214). On November 16, 2007, Plaintiff returned to SVAMC and reported increased pain in his neck and lower legs. Plaintiff underwent a cervical MRI which show mild to moderate spondylosis at C5-6 and C6-7 with bilateral mild neural foramina narrowing. (Tr. 202). Dr. Robin Hu of SVAMC also stated an MRI of the thoracic spine was normal, and an MRI of the lumbar spine showed minimal insignificant degenerative spondylosis with no evidence of spinal canal stenosis or herniated disc. (Tr. 203-204).

Plaintiff returned to SVAMC eight months later, on July 30, 2008, and stated he was out of his medications and had been taking any pain pill someone was willing to give him. (Tr. 304). Examination showed no midline tenderness, positive paravertebral muscle tenderness, and decreased range of motion. Straight leg raising was negative bilaterally, and Plaintiff had 5/5 muscle strength. (Tr. 304).

On August 8, 2008, Plaintiff returned to SVAMC and indicated he was having increased leg and hip pain. (Tr. 296). On examination, Plaintiff had no neurological deficit, could bend over and touch his toes, had no pain on straight leg raising, and demonstrated no pain on palpation. (Tr. 297). Plaintiff also stated he had been drinking beer to relieve his pain because it was cheaper than medication. (Tr. 294).

Plaintiff was seen for a physical therapy evaluation at SVAMC on September 16, 2008. (Tr. 288). Plaintiff denied any pain at that time. (Tr. 288). Plaintiff indicated he went to see a private physician, who prescribed him Hydrocodone, Lyrica, and blood pressure medication, and since

beginning these new medications, he was having no pain or problems. (Tr. 289). Plaintiff declined a physical therapy intervention. (Tr. 289).

On October 24, 2008, Plaintiff was seen by nurse practitioner Nancy L. Storey at the SVAMC. (Tr. 281-284). Plaintiff indicated he was continuing to have back pain; however, on examination Plaintiff had no point tenderness of the back, and had no pain on straight leg raising. (Tr. 284).

Plaintiff was seen by Dr. Leslie Ward at the University of Arkansas For Medical Sciences Southwest Family Practice Clinic on November 4, 2008. (Tr. 255-257). Plaintiff indicated he was doing well, but had run out of Lyrica and was having a lot of back pain. Plaintiff also indicated he was more functional and not as depressed. (Tr. 255). Plaintiff's physical exam showed normal range of motion throughout, and Plaintiff's mood and affect were improved. (Tr. 257).

On April 2, 2009, Plaintiff was seen at SVAMC when he stated he had low back pain radiating down both legs. (Tr. 276). Plaintiff's physical exam showed 5/5 strength bilaterally with no edema, and full range of motion flexing at the hips. (Tr. 277).

Plaintiff was seen by Dr. Roshan Sharma on May 4, 2009 for pain management on the referral of Dr. Russell Mayo. (Tr. 329-330). Dr. Sharma's neurological examination revealed no deficit other than decreased sensation in the upper extremities and at L5-S1. Plaintiff was to participate in pain and stress management sessions with Dr. Sharma, as well as a short course of therapy, however, there is no record of Plaintiff returning to see Dr. Sharma. (Tr. 329-330).

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds that the ALJ's RFC determination should be

affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **3rd day of February, 2011.**

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE